DANIEL CONARD v. ISAAC W. CONARD.

On *Certiorari* to Cape May Pleas.

An affidavit to obtain an attachment, stating that the defendant *absents* himself from his creditors, and is not resident, &c. is deficient.

*Certiorari* lies to remove proceedings in domestic or foreign attachment, after judgment in Court of Common Pleas.

This was a *Certiorari* directed to the Inferior Court of Common Pleas, of the county of Cape May, to remove the judgment and proceedings of that Court, upon a writ of attachment, issued out of that Court, under the " act for the relief of creditors against absconding and absent debtors," *passed 8th March,* 1798.

On 20th April, 1837, the plaintiff below, Isaac W. Conard, made, and filed with the Clerk of Cape May Pleas, an affidavit, in the following words, viz:—

State of New-Jersey, Cape May county, ss. affidavit for attachment.    Cape May Pleas.

Isaac W. Conard, being by me duly sworn according to law, did depose and say, that Daniel Conard is justly indebted to him the said Isaac, in the sum of one hundred and twenty-eight dollars and sixty cents, for work and labor done at the steam mill of the said Daniel, situate in the county of Cape May, and

State aforesaid, and cash paid, laid out and expended by him the said Isaac, for him the said Daniel, for machinery for said mill, and all done at the special instance and request of him the said Daniel. And that having written three several letters to the said Daniel, directed to him at his late residence, and not having received any answer, and other reasons, this deponent verily believes, that the said Daniel absents himself from his creditors, and is not to his knowledge or belief, resident in this state, at this time."

ISAAC W. CONARD.

Taken and subscribed this 20th day of April, 1837, before me,
JOSHUA HILDRETH, Judge.

Upon this affidavit, a writ of attachment issued out of the Cape May Pleas; returnable to May Term, 1837 : by virtue of which, the sheriff of that county attached the real estate of Daniel Conard therein, consisting of one hundred and fifty acres of "land and timber swamp," valued and appraised in his return at three hundred dollars.

On the return of the writ, (May Term, 1837,) the first default of the defendant, below, was recorded, and the Court ordered, "*that notice of the attachment, according to the statute, be published in one of the news papers of this State, and that a more extensive publication is not necessary.*" At the term of August, following, the second default was recorded, and auditors appointed.

At October Term, 1837, the auditors made their report, and judgment was rendered against defendant, for the sum of one hundred and twenty-eight dollars and sixty cents, with thirty-seven dollars and twenty-five cents costs of suit.

The judgment and proceedings in the attachment, were brought into this Court, by *Certiorari*, and a rule granted the plaintiff, to take affidavits, to be used upon the hearing and argument of the case.

Several reasons for the reversal of the judgment, were filed. Those chiefly relied upon, were

1. That the affidavit upon which the writ of attachment issued against defendant below, is inconclusive and insufficient.

2. That no evidence was produced before said Court of Common Pleas, of the publication of said attachment.

3. That said Daniel Conard, at the time of the issuing of said writ of attachment, and for many years before was, and still is, a resident freeholder of the county of Gloucester in this state, and never did, either before, at the time of, or since the issuing of the said writ of attachment, abscond or absent himself, from his creditors.

*R. W. Howell,* for plaintiff, in *Certiorari.* First of the affidavit. An attachment is an *extraordinary* writ; and is not to be used when the debtor can be reached by ordinary process. The affidavit is the foundation and ground work of the proceeding, and must set out such a case as to warrant the use of the writ. It should strictly comply with the requirements of the statute.

In cases of *domestic* attachment, (and it is presumed this was intended as such,) the act requires that the creditor shall make oath or affirmation, " that he verily believes, that his debtor *absconds* from his creditors," &c. *R. L.* 355, *s.* 1.

And so important does the law deem this affidavit, that it declares, " that if any clerk shall seal such writ of attachment, before such oath or affirmation shall be delivered to him, he shall forfeit and pay twenty dollars, to the party injured, to be recovered with costs, &c." *ib.* 356, *s.* 3.

In the present case, the plaintiff, in his affidavit, swears, that he " verily believes that the said Daniel *absents* himself from his creditors, &c."

Absenting and absconding, are words of very different signification. A man may be absent, or *absent himself* from, without absconding from, or meaning to elude his creditors. But suppose the words to mean the same thing ; the affidavit required by the attachment act, is not so conclusive that this Court may not inquire into the *reasons* for the plaintiff's *belief,* 1 *Green,* 131. In this case, the plaintiff below, has set them out in his affidavit, and they show upon how slight a ground, that belief was established, viz : " *that having written three several letters to the said Daniel, directed to him, at his late residence, and not having received any answer, and other reasons,*" this deponent verily believes the said Daniel absents himself, &c."

Three letters appear to have been *written* and *directed* to the defendant, in attachment, at his late residence, but whether *sent or not,* and if sent, *how ?* whether by *mail* or private hand, and

if by mail, to what *post office*, does not appear. The letters were certainly not delivered to the defendant below.

The affidavit of the plaintiff complies, neither literally nor substantially, with the requirements of the attachment act, and is altogether insufficient.

II. As to the evidence of the publication of the writ of attachment. The act requires, on the return of the writ of attachment, " the clerk of the Court to give notice for two months successively, in some public newspaper circulating in this State, convenient to the place where the Court is held, of such attachment, and at whose suit, against whose estate, for what sum, and from what Court the same issued. *R. L.* 366, *s.* 9.

There was no evidence before the Court, of the publication of the notice required by the 9th section of the attachment act, and for aught that appears to the contrary, it was not published at all.

III. But Daniel Conard at the time of the making of the affidavit, was neither an *absconding*, nor a *non-resident* debtor. He is one of the most extensive and respectable farmers in the township of Newton. He has resided in the county of Gloucester, for at least thirteen years past, and at no time within that period, has absconded from his creditors. On the contrary, his movements have, during that time, always been open and public.

At the time the attachment was issued, he resided where he has resided *uninterruptedly* for the last six years, and where he now resides, with his family, on his farm lying upon the public stage road between Camden and Haddonfield ; about four miles from the former, and two from the latter place, and was entirely within the reach of the ordinary process of the law. His circumstances are easy and comfortable, and he has the character of being a prompt and punctual man in his dealings and payments.

The plaintiff in attachment, who is the nephew of the defendant, could not well have been ignorant of these facts.

To prove these matters, several affidavits were read on behalf of the plaintiff in *Certiorari*. The provisions of the attachment act, extend only to the cases of *absconding* and *non-resident* debtors. *R. L.* 555 *s.* 1, *Ib ;* 361, *s.* 26.

The only object of the process of attachment, is to compel the defendants appearance to the action. *Carth.* 26 ; 3 *Halst.* 180.

---

Conard v. Conard.

---

An attachment will be quashed, if it appear to the Court that the defendant was at the time, a resident of the State. An attachment is an extraordinary, not an ordinary writ. To use it, when the debtor is within the reach of ordinary process, is wholly inconsistent with the spirit and design of this mode of procedure. It is only when the creditor cannot employ the latter, that he is permitted to resort to the former, and it can be lawfully employed in no other case. *City Bank New York* v. *Merrit*, 1 *Green*, 131; *Branson* v. *Shinn*, *Ib.* 250. In this case there was no impediment to the use and service of the ordinary process. The defendant below might have been arrested by *capias;* or a summons might have been served upon him, by leaving a copy at his dwelling house, or place of abode, in Newton township. If there was not an *abuse* of the writ of attachment in this instance, it was unnecessarily and improperly used, to say the least of it.

*Wm. N. Jeffers*, for defendant in *Certiorari*. Could not deny but that the proceedings before the Court below were somewhat irregular, but the doubt in his mind had been whether the plaintiff in *Certiorari* had adopted the proper remedy, and whether a writ of *error*, instead of *Certiorari*, would not have been the proper proceeding after final judgment.

*Howell* in reply. The writ of error only lies upon matter of *law*, arising upon the face of the proceedings, so that no evidence is required to substantiate it or support it. 3 *Blac. Com.* 407.

In the State of New Jersey, the writ of *Certiorari* has been the common remedy in such cases. *Peacock* v. *Wildes*, 3 *Halst.* 179; *Thompson* v. *Eastburn*, 1 *Harr.* 100. In both the above cases, the proceedings were removed into this Court, by *Certiorari* from the inferior Courts of Common Pleas, *after* final judgment in attachment. I never heard the propriety of the remedy questioned before.

BY THE COURT. There can be no doubt that the plaintiff in *Certiorari*, has pursued the proper course in this instance.

The proceedings in the Court below on the attachment, are altogether irregular. Let the judgment be reversed.

*Judgment Reversed.*